**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DUSTEE MATHIS,

Plaintiff,

v. No. 1:23-cv-00610-JHR

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

**MEMORANDUM OPINION AND ORDER AWARDING ATTORNEY'S FEES**

Before the Court is Plaintiff's Unopposed[1] Motion for Attorney's Fees Pursuant to 406(b). [Doc. 24]. Plaintiff's attorney, Bryan Konoski, seeks an award of $11,968.50, which does not exceed 25 percent of Plaintiff's past-due benefits, Doc. 24-1 at 4, and is consistent with the contingent-fee agreement between Plaintiff and Konoski, Doc. 24-1 at 10–11. [Doc. 24 at 7]. Having considered the briefing and applicable law, the Court **GRANTS** the Motion.

The Social Security Act, 42 U.S.C. § 406(b), permits a district court to award attorney's fees to a claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 495–96 (10th Cir. 2006). Specifically, the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and

[1] Because Plaintiff did not initially indicate whether the motion was opposed, Doc. 24, the Court directed Plaintiff to file a supplemental submission in accordance with D.N.M.LR-Civ. 7.1(a), demonstrating a good-faith effort to obtain Defendant's concurrence in the requested relief. [Doc. 25]. Plaintiff subsequently filed a certificate of conferral stating that "Defendant takes no position on the motion and will respond per the federal rules." [Doc. 26-1 at 1]. Consistent with that representation, Defendant's response states that "Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $11,968.50, under 42 U.S.C. § 406(b)." [Doc. 28 at 1]. Accordingly, because Defendant takes no position on the requested relief, the Court considers the motion unopposed.

> allow as part of its judgment a ***reasonable fee*** for such representation, ***not in excess of 25 percent of the total of the past-due benefits*** to which the claimant is entitled by reason of such judgment ….

42 U.S.C. § 406(b)(1)(A) (emphasis added).

In determining whether a requested fee is "reasonable" under § 406(b), the Supreme Court has explained that Congress "designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Thus, courts should review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The reasonableness determination is based on "the character of the representation and the results the representative achieved." *Id.* at 808. Relevant considerations include whether the attorney's representation was substandard, whether the attorney was responsible for any delay in the resolution of the case, and whether the requested fee is disproportionately large in comparison to the amount of time spent on the case. *Id.*

Section 406(b) applies in this case because, following this Court's remand, the ALJ conducted a new hearing and determined that Plaintiff had been disabled since March 4, 2018, thereby entitling him to past-due benefits. [Doc. 24-1 at 2–4]. The Social Security Administration subsequently notified Plaintiff that he was entitled to past-due benefits totaling $53,874.00, of which 25 percent, or $13,468.50, had been withheld "in case [the Administration] need[s] to pay your lawyer." [Doc. 24-1 at 4]. Pursuant to the parties' contingent-fee agreement, Plaintiff's counsel now seeks authorization of attorney's fees in the amount of $11,968.50, which is $1,500.00 less than the amount withheld by the Administration.

The Court finds that the requested fee of $11,968.50 complies with § 406(b)(1)(A) because it does not exceed 25 percent of Plaintiff's past-due benefits. The requested fee is also reasonable

under *Gisbrecht*. First, the requested fee is consistent with the parties' contingent-fee agreement. [Doc. 24-1 at 10–11]. Second, Konoski and his firm focus almost exclusively on federal court appeals of Social Security disability cases. [Doc. 24 at 6]. Moreover, in 2023, Konoski was one of four panelists invited by the National Association of Disability Representatives to participate in an educational webinar. [*Id.* at 7]. These circumstances demonstrate that the contingent-fee arrangement reflects the parties' recognition of Konoski's and his firm's experience in a "highly specialized and niche practice area." [*Id.* at 6].

Third, counsel obtained a favorable result for Plaintiff before this Court, and, following remand, Plaintiff also received a favorable decision from the ALJ. [*Id.* at 2–3]. Fourth, nothing in the record suggests that counsel caused any undue delay in resolving the case. Finally, Konoski and his staff expended 63.80 hours representing Plaintiff before this Court. [Doc. 24-1 at 13]. Of those hours, a paralegal accounted for only three, while the remaining time was attributed to Konoski and staff attorney Shiva Trigg. [*Id.*] Considering the character of the representation, the favorable result achieved, the absence of undue delay, the time expended on the representation, and the terms of the contingent-fee agreement, the Court concludes that the requested fee of $11,968.50 is reasonable under *Gisbrecht*.

Finally, counsel may not retain both an EAJA fee award and a § 406(b) fee award for the same work. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) (holding that an attorney who receives fee awards under both the EAJA and § 406(b) "must refund the smaller award to the claimant"). Here, Plaintiff previously received an EAJA attorney-fee award of $8,500.00. [Doc. 23]. Plaintiff expressly requests that the Court authorize a net § 406(b) fee of $3,468.50, representing the difference between the total § 406(b) fee requested ($11,968.50) and the previously awarded EAJA fee ($8,500.00). [Doc. 24 at 1–2, 7]. The Commissioner takes no

position on this request but asks only that the Court assess the reasonableness of the full § 406(b) fee sought. [Doc. 28 at 3]. Having determined that the full requested § 406(b) fee of $11,968.50 is reasonable, the Court will grant Plaintiff's request to authorize only the net amount of $3,468.50, thereby accounting for the prior EAJA award and streamlining the fee-payment process. *See Gonzales v. Bisignano,* No. 2:23-CV0578 DLM, 2026 WL 393138, at *2 (D.N.M. Feb. 12, 2026).

**IT IS HEREBY ORDERED** that Mathis's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 24] is **GRANTED**. The Court authorizes payment of $3,468.50[2] in net attorney fees to Plaintiff's counsel for legal services rendered before this Court. This amount represents the total reasonable § 406(b) fee of $11,968.50, less the previously awarded EAJA fee of $8,500.00, consistent with *Gisbrecht*, 535 U.S. at 796. The Social Security Administration shall pay the authorized amount directly to Plaintiff's counsel from the amount withheld from Mathis's past-due benefits, in accordance with agency policy. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits.").

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
PRESIDING BY CONSENT

[2] If for some reason the full award ($11,968.50) is paid, the Court directs counsel to refund to Mathis the EAJA fee of $8,500.00 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.